IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01801–WJM–KMT

JAN PODLACHA,

    Plaintiff,

v.

NICKLOS DOBROVLNY,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Substituted Service" (Doc. No. 13, filed June 23, 2020), to which Defendant filed its response (Doc. No. 15, filed June 25, 2020), and Plaintiff filed his reply (Doc. No. 16, filed July 6, 2020).

This action involves an automobile collision between vehicles operated by the parties on July 19, 2017.  (*See* Doc. No. 2.)  Plaintiff hired a process server to serve the Complaint and associated documents to Defendant at his last known address, 440 South Ave., E, Missoula, MT 59801, as indicated on the accident report.  (Doc. No. 13, ¶¶ 2-3.)  Service could not be completed because Defendant no longer resides at this address.  (*Id.*, ¶ 4; Ex. 1.)  Plaintiff does not know Defendant's current residence or workplace.  (*Id.*, ¶ 4.)

Plaintiff now moves to substitute service on Defendant's insurer, pursuant to C.R.S. § 42-7-414(3)(a).  (*Id.*, ¶¶ 5-6.)  In 2011, the Colorado Legislature created a type of substituted service by enacting a statute with provisions that require that insureds, under their motor-vehicle liability

policies, appoint their insurers as their agents for service of process.  11 Colo. Prac., Civil Procedure Forms & Commentary § 4:4 (3d ed.).  The relevant statute reads as follows:

> The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

C.R.S. § 42-7-414(3)(a).

Defendant argues that substitute service under this statue is not appropriate because the insurance policy was not issued in Colorado, it was not issued to a Colorado insured, and does not contain language assigning AmTrust as his agent for service of process.  (Doc. No. 14 at 3-4.)  Upon a thorough review of the insurance policy, attached as Exhibit A, the court agrees with Defendant that the insurance policy is devoid of the language specified in C.R.S. § 42-7-414(3)(a) that may allow for substitute service on the insurer.

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Substituted Service" (Doc. No. 13) is **DENIED**.  It is further

**ORDERED** that Plaintiff is granted an extension to November 30, 2020, pursuant to Fed. R. Civ. P. 4(m), to locate and serve the defendant. If Plaintiff has not served the defendant by November 30, 2020, this court will recommend dismissal of this action without prejudice.

Dated this 21st day of October, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge