IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01801–WJM–KMT

JAN PODLACHA,

    Plaintiff,

v.

NICKLOS DOBROVLNY,

    Defendant.

## ORDER

    This matter is before the court on Defendant Nicklos Dobrovolny's "Amended Motion to Quash Service on Sarah Dobrovolny" (Doc. No. 26, filed November 19, 2020). Plaintiff filed his response on December 9, 2020 (Doc. No. 28).

    Defendant Dobrovlny moves to quash service on the ground that it did not comply with Fed. R. Civ. P. 4. As the party challenging the service of process, Defendant Dobrovlny has the burden to prove that the service was inadequate. *Costin Engineering Consultants, Inc. v. Latham*, 164 F.R.D. 521, 523 (D. Colo. 1996). When considering a motion to quash service, the serving party need only make a *prima facie* case of proper service to defeat the motion. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997); *Wagner International, Inc. v. Mandal Alt Co., Ltd.*, No. 03–CV–00195–JLK, 2005 WL 1606900, at *2 (D. Colo. July 8, 2005).

Rule 4(e) of the Federal Rules of Civil Procedure applies to service of process on individuals. That Rule states that an individual may be served pursuant to state law for the state where the district court is located or where service is made, or by delivering a copy of the summons and complaint to the individual personally, leaving the summons and complaint at the individual's dwelling or usual place of abode, or delivering a copy to an agent authorized by appointment of law to accept service on the individual's behalf. Fed. R. Civ. P. 4(e)(1) & (2). Under Colorado law, personal service can be accomplished "[u]pon a natural person whose age is eighteen years or older" by delivering a copy of the summons and complaint to the person "at the person's usual place of abode, with any person who age is eighteen years or older and who is a member of the person's family . . . ." Colo. R. Civ. P. 4(e)(1). Under Montana law, an individual other than a minor or incompetent person must be served by "delivering a copy of the summons and complaint to the individual personally; or [ ] delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process." Mont. R. Civ. P. 4.

On November 14, 2020, Donald M. Branda, a process server for Plaintiff, served a summons and complaint against Defendant Dobrovlny at 32998 Dumontier Road, Arlee, Montana 59821. (Doc. No. 23; Doc. No. 26, ¶ 2.) Plaintiff argues that the summons and complaint were left at the residence of Defendant Dobrovlny's step-mother, Sarah Dobrovolny. (Doc. No. 28 at 2; Doc. No. 23.) Plaintiff states he believed Defendant Dobrovlny lives at that address, based on a report from Plaintiff's investigator indicating that Defendant Dobrovlny's vehicle is registered at that address and showing that address as the last current address for Defendant Dobrovlny. (Doc. No. 28 at 3; Doc. No. 28-1.)

However, Sarah Dobrovolny asserts in an affidavit attached to Defendant Dobrovolny's motion that he has not lived at her address at any time, and she previously advised a process server that he did not reside at her address. (Doc. No. 26-1, ¶¶ 2, 3.) Based upon Sarah Dobrovolny's sworn statement, the court concludes that the residence cannot be considered Defendant Dobrovolny's "dwelling house or usual place of abode."

Moreover, even if the court could determine that Defendant Dobrovlny resided at Sarah Dobrovolny's address, it finds service was insufficient. Sarah Dobrovolny asserts that "someone left legal papers outside [her] front door." (Doc. No. 26-1, ¶ 3.) "Leaving a summons and complaint at a residence door, unaccompanied by a refusal to accept service, is not effective service under Rule 4." *Norris v. Causey*, 869 F.3d 360, 370 (5th Cir. 2017) (citing *German Am. Fin. Advisors & Trust Co. v. Rigsby*, 623 F. App'x 806, 808 (7th Cir. 2015); *Coffin v. Ingersoll*, 1993 WL 208806, at *2 (E.D. Pa. June 11, 1993)). Colorado law states,

> If a person to be served refuses to accept a copy of the process, service shall be sufficient if the person serving the process knows or has reason to identify the person who refuses to be served, identifies the documents being served, offers to deliver a copy of the documents to the person who refuses to be served, and thereafter leaves a copy in a conspicuous place.

Colo. R. Civ. P. 4(k). However, there is no indication that Sarah Dobrovolny refused to accept service in this case prior to the documents being left outside her front door on the date of the attempted service. Additionally, Montana law does not permit service in this manner.

Nevertheless, "[t]he rules governing service of process are not designed to create an obstacle course for [serving parties] to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994). Furthermore, "would-be process servers are not entirely at the mercy of elusive

3

defendants," and "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972).

In considering a motion to quash based on insufficiency of service, the court must consider whether there has been "any material prejudice to any substantial rights of the complaining defendant." *Hawkins v. Dep't of Mental Health*, 89 F.R.D. 127, 128 (W.D. Mich. 1981). Service should not be quashed "when there has been substantial compliance with Rule 4, the mistake was innocent, and the [party served] was not prejudiced." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1354, at 351. As one court has observed, where "service was attempted in good faith, . . . the defendant[ ] has timely notice of the action, and the defendant[ ] can demonstrate no prejudice, it would appear to be a waste of time and resources to quash service and delay the progress of this action for a period of time, just to be back at this point some time in the future." *Rosenthal v. Jezioro*, No. 2:08–cv–81, 2008 WL 4900563, at *3 (D.N.J. Nov. 13, 2008).

Here, Defendant Dobrovlny's step-mother was served with the summons and complaint at an address where Defendant registered his vehicle in January 2020. (Doc. No. 28-1 at 2, 4-5.) Plaintiff's investigator provided a report in which the address at which service was attempted shows as Defendant Dobrovlny's most recent address. (*Id.*) Defendant Dobrovlny's attorney, and, thus, Defendant Dobrovlny, has had copies of the summons and complaint prior to the defendant's removal of the case to this Court. Defendant Dobrovlny has offered no evidence of any prejudice he incurred as a result of the method of service employed here, and the court finds

4

none. Moreover, the court finds that the defendant has received notice of this action and that he is purposely attempting to evade service of process as a means of delay.

Accordingly, it is

**ORDERED** that the "Amended Motion to Quash Service on Sarah Dobrovolny" (Doc. No. 26) is **DENIED**. It is further

**ORDERED** that Defendant Nicklos Dobrovlny shall answer or otherwise respond to the Complaint or before April 7, 2021. It is further

**ORDERED** that "Plaintiff's Motion to Take the Deposition of Sarah Dobrovlny Pursuant to F.R.C.P. 30(a)(2)" is **DENIED** as moot.

Dated this 23rd day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge